IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| RODNEY J. TANKSLEY | BANKRUPTCY NO. 21-10786(AMC) |
| Debtor | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of RODNEY J. TANKSLEY | |
| Plaintiff | |
| v. | ADVERSARY NO. 21- |
| SABRINA TANKSLEY | |
| Defendant | |

## COMPLAINT

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of Rodney J. Tanksley (the "Debtor"), by and through her counsel, Karalis PC, hereby brings this Complaint against Sabrina Tanksley (the "Defendant"), and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1. The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 363(h) and 542(a) of Title 11 of the United States Code (the "Bankruptcy Code") to sell property in which Debtor has an interest and to turnover property of the bankruptcy estate.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §

157(b)(2)(A), (E), (M) and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bankr. P. 7004 and because the Defendant transacted and did business with the Debtor prior to the Petition Date (as defined hereinafter).

## PARTIES

5. The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6. The Defendant is an individual residing at 2912 West Girard Avenue, Philadelphia, PA 19130.

7. The Defendant is the Debtor's sister.

## STATEMENT OF FACTS

**A.  Procedural Background.**

8. On March 29, 2021 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

9. On March 30, 2021, the Trustee was appointed and is so acting.

**B.  Real Property Co-Owned by the Debtor.**

10. The Debtor's bankruptcy estate and the Defendant co-own residential real property located at 2912 West Girard Avenue, Philadelphia, PA 19130 (the "Property").

11. The Property was transferred by Josephine Tanksley to the Defendant and the Debtor by way of a deed dated October 17, 2008 (the "Deed") and recorded on December 4, 2008

with the Philadelphia Recorder of Deeds. The Deed is attached hereto as Exhibit "A" and made a part hereof.

12. Josephine Tanksley was the mother of the Defendant and the Debtor.

13. The Plaintiff has been residing at the Property for in excess of thirteen (13) years without paying any compensation to the Debtor.

14. The Debtor's bankruptcy estate should be compensated for all unpaid rent (the "Unpaid Rent") owed by the Defendant.

15. The amount of the Unpaid Rent is likely in excess of $100,000.

## COUNT I

### Approval to Sell the Property Pursuant to 11 U.S.C. § 363(h)

16. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 15 hereof as if fully set forth herein at length.

17. The Plaintiff seeks approval to sell the Property which includes the Debtor's interest and the Defendant's interest.

18. Pursuant to 11 U.S.C. § 363(h), the Plaintiff may sell the estate's interest, under subsection (b) or (c), and the interest of the Defendant in the Property which the Debtor had at the time of the commencement of case, an undivided interest as tenants in common, joint tenants, or tenants by entirety. *See*, 11 U.S.C. § 363(h).

19. In the case at bar, the Debtor's estate owns an interest in the Property which requires that the Property be sold in a commercially reasonable manner in order to enable the Debtor's estate to recover the value of its interest.

20. The Plaintiff believes, upon information and belief, that a partition in kind of such property among the Debtor's estate and the Defendant would be impracticable and would only

incur additional expense for the Debtor's estate for subdivision and issues relating to valuation.

21. The benefit to the Debtor's estate of a sale of the Property free of the interest of the Defendant outweighs the detriment to such Defendant.

22. Upon information and belief, the Property has a fair market value of approximately $300,000 and is not encumbered by any mortgage or lien.

23. The Property is residential real property.

24. To the best of the Plaintiff's knowledge, the Property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power.

25. Based upon the information available to the Plaintiff at this time, after deduction of costs of sale, there is sufficient equity in the Property to warrant its liquidation.

26. The Plaintiff will seek Court approval to employ a broker to market and sell the Property if the Plaintiff is granted permission to sell the Property by this Honorable Court pursuant to 11 U.S.C. § 363(h) free and clear of the interest of the Defendant.

27. The Plaintiff seeks Court approval to sell the Property including the Defendant's interest.

28. In addition, the Plaintiff seeks authorization to solely execute all listing and closing documents relating to the sale of the Property.

29. After the payment of all costs and expenses of the sale along with all applicable taxes, the Plaintiff will submit the balance of the remaining funds to the Defendant.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant under 11 U.S.C. § 363(h) as follows:

(a) Authorizing the Trustee to sell the Property;

(b) Authorizing the Trustee to solely execute all listing and closing documents relating to the sale of the Property;

(c) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(d) Granting such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542

30. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 29 hereof as if fully set forth herein at length.

31. Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." *See*, 11 U.S.C. § 541(a)(1).

32. The Unpaid Rent is property of the Debtor's bankruptcy estate under Section 541 because it constitutes a "legal or equitable interest of the debtor in property as of the commencement of the case." As such, the Unpaid Rent is subject to turnover pursuant to 11 U.S.C. § 542.

33. Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of the Debtor's estate:

> An entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

*See*, U.S.C. § 542.

34. Further, Section 542 of the Bankruptcy Code requires that an entity in possession of property of a debtor's estate deliver such property to the trustee, and account for such property or the value related thereto.

35. The Unpaid Rent is property of the Debtor's bankruptcy estate pursuant to Section 541.

36. The Defendant is in possession, custody and/or control of the Unpaid Rent.

37. The Trustee may use, sell or lease the Unpaid Rent under 11 U.S.C. § 363.

38. The Unpaid Rent is valuable and beneficial to the Debtor's bankruptcy estate.

39. Turnover of the Unpaid Rent is appropriate pursuant to 11 U.S.C. § 542.

40. Accordingly, the Unpaid Rent is property of the Debtor's estate under 11 U.S.C. § 541 and subject to turnover to the Trustee pursuant to 11 U.S.C. § 542.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant under 11 U.S.C. § 542 as follows:

(a) Awarding the Plaintiff the Unpaid Rent;

(b) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(c) Granting such other relief as this Honorable Court deems just and appropriate.

## COUNT III

### Unjust Enrichment

41. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 40 hereof as if fully set forth herein at length.

42. The Plaintiff asserts that she is also entitled to the Unpaid Rent under the theory of unjust enrichment.

6

43. The Defendant has been enriched at the expense of the Debtor's bankruptcy estate by not having to pay any rent to reside at the Property.

44. The non-payment has caused loss and detriment to the Debtor's bankruptcy estate.

45. Neither the enrichment or the loss and harm described herein are justified.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant under the theory of unjust enrichment as follows:

(a) Awarding the Plaintiff the Unpaid Rent;

(b) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(c) Granting such other relief as this Honorable Court deems just and appropriate.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Plaintiff/Trustee*

Dated: July 1, 2021

**EXHIBIT "A"**

51999232
Page: 1 of 4
12/04/2008 12:44PM

# This Indenture

Made the 17th day of October in the year of two thousand and eight (2008).

**Between**

    **Josephine Tanksley, a widow**
        (hereinafter called the Grantor), of the one part, and

    **Sabrina Tanksley, her daughter, and Rodney Tanksley, her son**
        (hereinafter called the Grantees), of the other part, and

**Witnesseth,** That the said Grantor for and in consideration of the sum of One and 00/100 Dollars ($1.00) lawful money of the United States of America, unto her well and truly paid by the said Grantees, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has granted, bargained and sold, released and confirmed, and by these presents do grant, bargain and sell, release and confirm unto the said Grantees, as her heirs and assigns,

**ALL THAT CERTAIN** lot or piece of ground with the buildings and improvements thereon erected,

**SITUATE** on the South side of Girard Avenue at the distance of Ninety-six feet Westward from the West side of Twenty-ninth Street in the Twenty-ninth Ward of the City of Philadelphia.

**CONTAINING** in front or breadth on the said Girard Avenue, sixteen feet and extending in length or depth Southward of that width between parallel lines at right angles to the said Girard Avenue sixty feet to a certain three feet wide alley running Eastward and Westward and communicating with two other three feet wide alleys leading Southward into Harper Street.

**BEING** the same premises which Elmwood J. Speakman, Surviving Executor under the Will of Eugene J. Applegate, Deceased, by Deed dated September 25, 1974 and recorded September 26, 1974 in the County of Philadelphia in Deed Book D.C.C. No. 716 Page 495 conveyed unto Osami Tanksley and Josephine Tanksley, his wife, their heirs and assigns, in fee.

**AND** the said Osami Tanksley has since departed this life on January 23, 2006.

**TOGETHER** with the free and common use, right, liberty and privilege of all of the above mentioned alleys as and for passageways and water courses at all times hereafter, forever.

**BEING** known as No. 2912 W. Girard Avenue.

This Document Recorded
12/04/2008   State RTT   0 00
12:44PM      Local RTT   0 00
Doc Code- D

Doc Id  51999232
Receipt #  750431
Rec Fee  156.50
Commissioner of Records, City of Philadelphia

TOGETHER with all and singular the buildings, improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in any way appertaining, and the reversions and remainders, rents, issues and profits thereof: and all the estate, right, title, interest property, claim, and demand whatsoever of the said grantor, as well at law, as in equity, of, in and to the same.

To have and to hold the said lot or piece of ground described hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantees, their heirs and assigns, to and for the only proper use and behoof of the said Grantees, their heirs and assigns, forever as tenants by the entirety.

And the said Grantor, her heirs, executors and administrators do covenant, promise and agree, to and with the said Grantees, their heirs and assigns, by these presents, that they, the said Grantor and her heirs, all and singular the hereditaments and premises hereby granted or mentioned and intended so to be, with appurtenances, unto the said Grantees, their heirs and assigns; against the said Grantor and her heirs, and against all and every person and persons whosever lawfully claiming or to claim the same or any part thereof, by, from or under or any of them, shall and will WARRANT and forever DEFEND.

In Witness Whereof, the parties of the first part have hereunto set his hand and seal. Dated the day and year first above written.

Sealed and Delivered
IN THE PRESENCE OF US:

_____    _____*Josephine Tanksley*_____ {SEAL}
                                                    Josephine Tanksley, a widow

_____    _____ {SEAL}

_____    _____ {SEAL}

_____    _____ {SEAL}

2

# **EXHIBIT "B"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| RODNEY J. TANKSLEY | : | BANKRUPTCY NO. 21-10786(AMC) |
| | : | |
| Debtor | : | |
| | : | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of RODNEY J. TANKSLEY | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | ADVERSARY NO. 21- |
| | : | |
| SABRINA TANKSLEY | : | |
| | : | |
| Defendant | : | |
| | : | |

### DECLARATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, IN SUPPORT OF COMPLAINT

The undersigned hereby swears and affirms pursuant to 28 U.S.C. § 1746 that the following information is true and correct to the best of my knowledge, information and belief:

1. I am the Chapter 7 Trustee of the above-referenced bankruptcy estate.

2. On July 1, 2021, I filed the Complaint (the "Complaint").

3. I reviewed the Complaint prior its filing with the Court.

4. All of the facts and averments set forth in the Complaint are true and correct and I offer these facts and averments in support of the relief sought in the Complaint.

5. I declare under penalty of perjury that the foregoing is true and correct.

                                        /s/ Christine C. Shubert
                                        Christine C. Shubert,
                                        Chapter 7 Trustee

Dated: July 1, 2021